IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.: 3:12 cr 250 |
| | ) | |
| | ) | 18 USC § 2 |
| vs. | ) | 21 USC § 841(a)(1) |
| | ) | 21 USC § 841(b)(1)(A) |
| | ) | 21 USC § 841(b)(1)(B) |
| ULYSSES S. SIMPKINS | ) | 21 USC § 841(b)(1)(D) |
|    a/k/a "Slim" | ) | 21 USC § 843(b) |
|    a/k/a "Ne Ne" | ) | 21 USC § 846 |
| KEVIN JAMES GARVIN | ) | 21 USC § 853 |
| | ) | 21 USC § 881 |
| | ) | 28 USC § 2461(c) |
| | ) | |
| | ) | |
| | ) | **INDICTMENT** |

## COUNT 1

THE GRAND JURY CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around 2000, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina, the Defendants, **ULYSSES S. SIMPKINS, a/k/a "Slim", a/k/a "Ne Ne," and KEVIN JAMES GARVIN**, knowingly and intentionally did combine, conspire and agree together and have tacit understanding with each other, Tyrus Jackie Howard and others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, and marijuana, a Schedule I controlled substance, said conspiracy

involving 5 kilograms or more of cocaine, 280 grams or more of cocaine base and 100 kilograms or more of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about July 23, 2011, in the District of South Carolina, the Defendant, **ULYSSES S. SIMPKINS, a/k/a "Slim", a/k/a "Ne Ne"**, knowingly, intentionally and unlawfully did attempt to possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

All in violation of Title 21, United States Code, Section 846.

2

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about August 15, 2011, in the District of South Carolina, the Defendant, **ULYSSES S. SIMPKINS, a/k/a "Slim", a/k/a "Ne Ne"**, knowingly, intentionally and unlawfully did attempt to possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

All in violation of Title 21, United States Code, Section 846.

## COUNT 4

THE GRAND JURY FURTHER CHARGES

That on or about September 8, 2011, in the District of South Carolina, the Defendant, **ULYSSES S. SIMPKINS, a/k/a "Slim", a/k/a "Ne Ne"**, knowingly, intentionally and unlawfully did attempt to possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

All in violation of Title 21, United States Code, Section 846.

## COUNTS 5-14

THE GRAND JURY FURTHER CHARGES:

That on or about the dates set forth below, in the District of South Carolina and elsewhere, the Defendants listed below, as principals, aiders and abettors and co-participants in jointly undertaken criminal activity, knowingly and intentionally did use a communication facility, that is, a telephone, to facilitate the commission of a felony, under the Controlled Substances Act, to wit: conspiracy to distribute, possession with intent to distribute, and distribution of cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code Sections, 841(a)(1) and 846:

| **COUNT** | **DATE** | **CALL SESSION** | **DEFENDANT** |
|---|---|---|---|
| 5 | May 22, 2011 | 02081 | ULYSSES S. SIMPKINS |
| 6 | May 24, 2011 | 02456 | ULYSSES S. SIMPKINS |
| 7 | May 24, 2011 | 02368 | ULYSSES S. SIMPKINS |
| 8 | May 25, 2011 | 02681 | ULYSSES S. SIMPKINS |
| 9 | July 21, 2011 | 10312 | ULYSSES S. SIMPKINS |
| 10 | July 23, 2011 | 10385 | ULYSSES S. SIMPKINS |
| 11 | August 1, 2011 | 12596 | ULYSSES S. SIMPKINS |
| 12 | May 13, 2011 | 00173 | KEVIN JAMES GARVIN |

| COUNT | DATE | CALL SESSION | DEFENDANT |
|-------|------|--------------|-----------|
| 13 | May 14, 2011 | 00285 | KEVIN JAMES GARVIN |
| 14 | May 23, 2011 | 02264 | KEVIN JAMES GARVIN |

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## **FORFEITURE**

1. <u>DRUG-TRAFFICKING OFFENSES</u>

    A.   As a result of their violation of Title 21, United States Code, Sections 843, 846 and 841 as charged in this Indictment, upon conviction, the Defendants, **ULYSSES S. SIMPKINS, a/k/a "Slim", a/k/a "Ne Ne,"** and **KEVIN JAMES GARVIN**, shall forfeit to the United States all of the Defendants' right, title and interest in and to any property, real and personal,

    (1)   constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

    (2)   used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code.

    (3)   any firearms and ammunition (as defined in 18 U.S.C. § 921) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable thereto.

    B.   Pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2) and 881(a)(6) and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for offenses charged in this Indictment includes, but is not limited to, the following property or proceeds thereof, as to which the Defendants are jointly and severally liable:

(1) <u>Money Judgment:</u>
A sum of money equal to all property the Defendants obtained, directly or indirectly from, or used to facilitate, the Title 21 offenses charged in the Indictment, that is, a minimum of approximately $500,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in the aggregate constitutes proceeds the Defendants obtained directly or indirectly as the result of such violations of Title 21, United States Code or were used to facilitate such violations for which the defendants are jointly and severally liable;

2. <u>SUBSTITUTION OF ASSETS:</u>

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants --

- A. cannot be located upon the exercise of due diligence;
- B. has been transferred or sold to, or deposited with, a third person;
- C. has been placed beyond the jurisdiction of the Court;
- D. has been substantially diminished in value; or
- E. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said Defendants up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 21, United States Code, Sections 853 and 881(a)(6), and Title 28, United States Code Section 2461(c).

7

A  _TRUE_  Bill



FOREPERSON

_____  (jdr)
WILLIAM N. NETTLES
UNITED STATES ATTORNEY